IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEVON THOMAS LEE MARION,**

      **Plaintiff,**

  vs.

                                  Case No. 2:21-cv-4153
                                  Judge Michael H. Watson
                                  Magistrate Judge Elizabeth P. Deavers

**OHIO STATE HIGHWAY PATROL,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff Devon Thomas Lee Marion, an Ohio resident proceeding without the assistance of counsel, brings this action arising from events allegedly surrounding his arrest on August 18, 2019. (ECF No. 4.) This matter is before the Undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

    Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant Ohio State Highway Patrol in their entirety, **GRANT LEAVE** for Plaintiff to **AMEND** his claims against Defendant Williams, and **TRANSFER** this action to the United States District Court for the Southern District of Ohio Western Division, Cincinnati, pursuant to 28 U.S.C. § 1406(a) or 1404.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28

U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Plaintiff alleges that on August 18, 2019, he was driving home on Oxford State Road in Middletown, Ohio when an officer of Defendant Ohio State Highway Patrol attempted to pull him over. (ECF No. 4 at PAGEID # 36.) Plaintiff alleges that he "attempted to run," but after the officer[1] gave pursuit Plaintiff wrecked his car on Lafayette Avenue in Middletown. (*Id.*) Plaintiff alleges that he then attempted to flee the scene on foot, and an officer unsuccessfully attempted to tase him. (*Id.*) Plaintiff alleges that after he inadvertently cornered himself, he tried to run past the officer, but "as soon as [he] got close [the officer] fired at point blank range into [Plaintiff's] stomach." (*Id.*) Plaintiff alleges that he "tried to then grab [the officer] to stay up" without falling to the ground but the officer "shot me again in my left armpit." (*Id.*) Plaintiff alleges that he then "bled out and awoke around two weeks later at Miami Valley Hospital in Dayton Ohio." (*Id.*)

Plaintiff alleges that the officer unnecessarily used deadly force, and brings this lawsuit seeking $250,000,000 in compensatory damages. (*Id.* at PAGEID # 37.)

## III.

The Undersigned finds that Plaintiff has failed to state plausible claims for relief against Defendants Ohio State Highway Patrol ("OSHP") and Micheal Williams. First, regarding Defendant OSHP, the Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the

---

[1] Plaintiff does not identify the officer in his Complaint. (*Id.*)

4

state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

The OSHP is an instrumentality of the state of Ohio, and therefore is not a "person" subject to suit under 42 U.S.C. § 1983. *Smith v. Ohio State Highway Patrol*, No. 2:15-CV-2884, 2016 WL 146311, at *1 (S.D. Ohio Jan. 13, 2016) ("The Court therefore lacks jurisdiction to entertain any of the claims sought to be asserted in this action against defendant Ohio State Highway Patrol."); *Leisure v. City of Reynoldsburg, Ohio*, No. 2:07-CV-411, 2007 WL 2344706, at *2 (S.D. Ohio Aug. 14, 2007) ("The Ohio Highway Patrol is an arm of the state of Ohio and is entitled to immunity under the Eleventh Amendment."). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against OSHP is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of claims against state agency under § 1915(e)); *Harrison*, 722 F.3d at 771 (same).

Additionally, Plaintiff's Complaint does not include *any* allegations against Defendant Williams. (*See* ECF No. 4.) Despite the lenient treatment afforded to *pro se* litigants, *see Garrett*, 374 F. App'x at 614, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler*, 482 F. App'x at 976–77. While the Court could guess whether Defendant Williams is the officer referenced in Plaintiff's Complaint, the Court will not do so. Rather, the better course is to allow Plaintiff to amend his Complaint to clarify his allegations against Defendant Williams – including, for example, if Defendant Williams is the officer referenced in Plaintiff's Complaint, and if Plaintiff asserts claims against Defendant Williams in his official or individual capacity.

5

For these reasons, it is **RECOMMENDED** that Plaintiff's claims against Defendant OSHP be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted, but that Plaintiff be **GRANTED LEAVE** to **AMEND** his claims against Defendant Williams.

### IV.

Separately, Southern District of Ohio Civil Rule 82.1 governs venue within this District, and provides in pertinent part as follows:

> **(b)** **Location of Court**. For venue purposes, the area served by each location of Court consists of the following counties . . .
>
> **Western Division**: **Cincinnati**: Adams, Brown, Butler, Clermont, Clinton, Hamilton, Highland, Lawrence, Scioto, and Warren.
>
> \*\*\*
>
> **(e)** **Nonresident Defendant(s).** If no defendant is a resident of this District, an action shall be filed at the location of Court serving a county in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is located.

S.D. Ohio Civ. R. 82.1(b), (e).

In the present action, all of the events giving rise to Plaintiff's claims occurred in Middletown, Ohio, which is located in Butler County and/or Warren County. (*See* ECF No. 4 at PAGEID # 36.) Plaintiff further indicates that Defendant Williams resides in Liberty Township, Ohio, which is located in Butler County. (*Id.* at PAGEID # 35.) Butler County and Warren County are both served by the Western Division at Cincinnati, Ohio. *See* S.D. Ohio Loc. Civ. R. 82.1(b).

In the event the Court adopts the Undersigned's recommendation and dismisses Plaintiff's claims against Defendant OSHP, then venue in this Court would not be proper. Accordingly, the Undersigned **FURTHER RECOMMENDS** that the Court **SUA SPONTE**

6

**TRANSFER** this action to the United States District Court for the Southern District of Ohio Western Division, Cincinnati, pursuant to 28 U.S.C. § 1406(a) or 1404.

## V.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's claims against Defendant Ohio State Highway Patrol be **DISMISSED** in their entirety for failure to state a claim upon which relief can be granted, but that Plaintiff be **GRANTED LEAVE TO AMEND** his claims against Defendant Williams.  It is **FURTHER RECOMMENDED** that the Court **SUA SPONTE TRANSFER** this action to the United States District Court for the Southern District of Ohio Western Division, Cincinnati, pursuant to 28 U.S.C. § 1406(a) or 1404.

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**

DATED:  September 16, 2021            */s/ Elizabeth A. Preston Deavers*
                                                   **ELIZABETH A. PRESTON DEAVERS**
                                                   **UNITED STATES MAGISTRATE JUDGE**